MEMORANDUM **
Jhon Harry Sierra, native and citizen of Colombia, petitions for review of the Board of Immigration Appeals’ order affirming an immigration judge’s (“IJ”) decision de *252 nying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we dismiss in part and deny in part the petition for review.
We lack jurisdiction to consider Sierra’s social group claim because he did not exhaust it before the agency. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
Sierra contends he demonstrated that the Revolutionary Armed Forces of Columbia (“FARC”) harassed him on account of his imputed political opinion. Substantial evidence supports the IJ’s conclusion that Sierra failed to provide any evidence that the FARC were motivated by more than extortion. See Ochoa v. Gonzales, 406 F.3d 1166, 1171-72 (9th Cir.2005); cf. Borja v. INS, 175 F.3d 732, 735-36 (9th Cir.1999) (explaining that ‘extortion plus’ is necessary to satisfy nexus requirement). Because he failed to demonstrate that the FARC were or would be interested in him on account of a protected ground, accordingly, his asylum and withholding of removal claims fail. See Elias-Zacarias, 502 U.S. at 481, 112 S.Ct. 812; see Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005).
Finally, we deny Sierra’s due process contention. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (no due process violation where no error).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.